## 6935.  McRee v. Frederick.

WADE, C. J. The alleged parol contract which formed the basis of the suit, brought by a real-estate agent for commissions, did not by its terms fix a precise length of time for its duration, and was otherwise too vague, indefinite, and uncertain to indicate what were the exact conditions under which the defendant empowered the agent to sell the property, or the exact agreement as to the time and amount of the deferred payments stipulated by the seller, which the purchaser procured by the agent was ready, willing, and able to make. The court erred in overruling the demurrer to the petition, as it set forth no cause of action.          *Judgment reversed. Hodges, J., disqualified.*
DECIDED JUNE 28, 1916.

Action on contract; from city court of Valdosta—Judge Cranford.  September 8, 1915.

The petition alleged:  On or about July 31, 1913, the defendant entered into a parol contract with petitioner, in terms as follows: The defendant represented to petitioner that he had a body of timber he wished to sell for sawmill purposes, consisting of approximately 5400 acres (described in the petition).  Defendant stated to petitioner that his selling price on said tract of timber was $70,000, the terms of sale to be a cash payment of not less than $15,000, and the balance to be paid in installments as the timber was cut, and in such sums as would protect defendant against loss when all the timber was cut.  Defendant agreed also to lease said timber, allowing from seven to ten years to cut it.  Defendant agreed with petitioner that in the event he succeeded in finding a prospective purchaser for said tract of timber, he, the defendant, would not sell the same to any one until petitioner had either sold or failed to sell the same, and further agreed to pay petitioner for his services five per cent. of the selling price aforesaid, and all that he might receive above said selling price.  In pursuance of said contract petitioner advertised said timber for sale, and succeeded in procuring one W. M. Gignilliat, of Brunswick, Ga., as prospective purchaser of said timber, and said Gignilliat, during the summer of 1913, made repeated visits to said tract of timber for the purpose of inspecting it and with a view of buying it. While said Gignilliat was a bona fide prospective purchaser of said timber and before he had time to submit to petitioner a final offer for the same, the defendant, in direct violation of his covenant not to do so, sold the said timber to J. N. Bray & Company, thereby

breaching his covenant in said contract wherein he agreed not to sell timber so long as petitioner had a prospective purchaser negotiating for the same. When defendant made the sale to J. N. Bray & Company, he knew that Gignilliat was a bona fide prospective purchaser negotiating therefor preparatory to purchasing said timber, and that Gignilliat had been procured as a prospective purchaser by petitioner. Gignilliat, had he been permitted by the defendant to complete his negotiations for the purchase of said timber, would have, within a reasonable time, paid $70,000 for it. He was able, and would have been, within said reasonable time, ready and willing to purchase said timber under the terms and conditions prescribed by defendant. By reason of said breach of covenant defendant prevented petitioner from selling said property to said Gignilliat under the terms and conditions prescribed by defendant, thereby preventing petitioner from earning said $3,500, his commission for the sale thereof; all to petitioner's loss and damage in said sum. On September 19, 1913, defendant paid petitioner $30 to apply on said indebtedness, but fails and refuses to pay the balance due.

In a second count of the petition the allegations as to the contract between the plaintiff and the defendant were repeated, and it was alleged that in pursuance of the contract the plaintiff advertised the timber for sale, and succeeded in procuring Gignilliat, a prospective purchaser, who made repeated visits to the tract of timber and inspected it, and finally, on September 11, 1913, during the life of the contract, made to plaintiff an offer of $75,000 for the tract of timber and offered to comply with the terms and conditions under which defendant had proposed to sell; which offer was communicated to defendant by plaintiff on September 12, 1913; and that, while Gignilliat was a bona fide prospective purchaser and after he had made this offer, defendant, in violation of his covenant not to do so, sold said timber to J. N. Bray & Company, thereby breaching his covenant in said contract wherein he agreed not to sell said timber to any one as long as plaintiff had a prospective purchaser negotiating for the same.

The demurrer was on the grounds, that no cause of action was set out; that the agreement was without consideration; that it was too indefinite to be the basis of a recovery; that it was incomplete;

and that it appeared that the minds of the parties did not meet as to material parts of the alleged contract.

*Whitaker & Dukes,* for plaintiff in error.