## 55062. SHARP-BOYLSTON COMPANY et al. v. LUNDEEN.

BANKE, Judge.

The appellants, Sharp-Boylston Company and Arthur Rubloff & Company, appeal the trial court's direction of a verdict for the appellee, John W. Lundeen, Jr.

The appellee contacted his son-in-law, Thomas M. Smith, a commercial real estate broker with appellant Sharp-Boylston Company, and asked him to locate a building to house a printing brokerage business which he intended to open soon. He indicated that he would prefer to purchase a building but would consider leasing if a suitable building was not for sale. No written agency agreement was entered into by Smith and the appellee at this time. About one week later Smith, at the appellee's request, made inquiries to Mr. Charles W. Doubleday concerning a vacant building appellee had noticed (the "Monroe Drive property"). Doubleday, who worked for appellant Arthur Rubloff & Company, was listed as the "exclusive agent" on a sign out front of the building. It is undisputed that Arthur Rubloff & Company's exclusive agency was only for the purpose of obtaining a sublease and that they were not authorized to offer the building for sale.

Doubleday informed Smith that the building was for sublease at a specified price per foot. At appellee's direction, Smith made a verbal offer to sublease the property through Doubleday, but the lessee rejected the offer. Smith testified that he then informed the appellee that he had learned through Doubleday that the owner of the building might be interested in selling the building for a price of $225,000. Smith advised appellee that the price was too high, and no purchase offer was made. Doubleday testified that the appellee told him that he did not have the necessary capital to purchase the Monroe Drive property.

Smith then showed the appellee another building which was listed with another broker at Sharp-Boylston. On May 20, 1976, written offers to purchase and in the alternative to lease were made on behalf of the appellee,

but they were rejected on or about May 28. These written offers had provided for a 7% broker's commission.

On June 3, 1976, without any participation by Smith or any other broker, the appellee made an offer to purchase the Monroe Drive property from the owner. The offer was made through the owner's attorney whose name had been given to the appellee by Smith during the lease negotiations. The sale was closed on June 29, 1976. The purchase price paid by the appellee was $195,000. The appellants sued to recover a 6% commission on th e basis of a verbal contract between the appellee and Smith or in the alternative to recover in quantum meruit. The trial judge granted appellee's motion for directed verdict, made at the close of all the evidence, on the ground that the appellants were not entitled to a commission since they had not procured the sale.

Under Code § 4-213 a broker is entitled to his commission whenever, during the period of his agency, "he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." By judicial decision, this statute has been made applicable to brokers finding property for those principals desiring to purchase. See *Roberts v. Martin,* 15 Ga. App. 205 (1) (82 SE 813) (1914); *Hendrix v. Crosby,* 76 Ga. App. 191 (1) (45 SE2d 448) (1947); *Pierce v. Deich,* 81 Ga. App. 717 (1) (59 SE 2d 755) (1950). The decisions have also held that a broker is entitled to a commission whenever negotiations conducted by him on behalf of the principal culminate in the purchase of the property by the principal or would have so culminated but for the principal's interference. See *Hill & Moultrie v. Wheeler,* 2 Ga. App. 349 (58 SE 502) (1907); *Arnold v. Jowers,* 102 Ga. App. 29 (115 SE2d 623) (1960).

It is undisputed in this case that neither Smith nor Doubleday participated in any of the negotiations regarding the purchase of the Monroe Drive property. Instead, the appellants argue that they were misled by appellee into terminating negotiations (and thereby prevented from procuring the purchase) when he professed to have no interest in purchasing the building after the lease negotiations had proved unsuccessful. After reviewing the evidence, it appears to this court that

the only clear provision in the oral agency contract between the appellee and Smith, on behalf of Sharp-Boylston, was that appellee would compensate Smith, if through his efforts, appellee leased or purchased a building. Under these circumstances, we are unable to find any error in the trial court's direction of a verdict for the appellee on Count 1, breach of the oral contract. See *Doonan v. Ives & Krouse,* 73 Ga. 295 (1) (a) (1884); *McRee v. Frederick,* 18 Ga. App. 321 (89 SE 381) (1916); *Fields Realty &c. Co. v. Smith,* 123 Ga. App. 342 (180 SE2d 909) (1971).

It was, however, error to direct a verdict in appellee's favor on Count 2, recovery in quantum meruit. As previously stated, the testimony received at trial showed that the appellee had engaged Smith's services to locate a building for him to lease or to purchase. Even though the appellee's ultimate purchase of the Monroe Drive property was not due to Smith's efforts, the evidence shows that it was Smith who procured the initial information on the building, including the name of the attorney representing the owner through whom the sale was made. Under these circumstances, the jury should have been allowed to decide whether the appellants were entitled to any recovery in quantum meruit.

"Ordinarily, when one renders services valuable to another which the latter accepts, a promise is implied to pay the reasonable value thereof. Code § 3-107. Generally, an action of this type is one upon quantum meruit. *Hudson v. Hudson,* 90 Ga. 581 (1), 584 (16 SE 349). It is apparent the court instructed the jury that if the work had been received and performed not necessarily in accordance with the contract and the employer had been benefited by the work, the employee is entitled to the reasonable value of the services rendered. Even when the work is not performed according to contract, yet if received and of benefit to the party receiving it, he shall pay a sum equal to the reasonable value of these services to him. See *Ford v. Smith,* 25 Ga. 675 (3); *Brumby v. Smith &c. Co.,* 123 Ga. App. 443 (1) (181 SE2d 303). The charge was correct and based on the evidence, and the jury was entitled to determine the value of the services of the plaintiff on a quantum meruit basis from the evidence as

to the value to the defendant, if any. *Marshall v. Bahnsen,* 1 Ga. App. 485 (1, 2) (57 SE 1006); *Johnson v. Lipscomb-Weyman-Chapman Co.,* 46 Ga. App. 798, 801 (169 SE 266); *Circle Mills v. Millender,* 133 Ga. App. 811 (212 SE2d 467)." *First Nat. Bank &c. Co. v. McNatt,* 141 Ga. App. 6 (3) (232 SE2d 356) (1977).

*Judgment reversed in part and affirmed in part. Deen, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 4, 1978 — DECIDED
APRIL 13, 1978.

*Cofer, Beauchamp & Hawes, Robert S. Jones, Peyton S. Hawes, Jr.,* for appellants.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., P. Joseph McGee,* for appellee.