## 73309. REID v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.
### (356 SE2d 77)

BENHAM, Judge.

Appellant was injured when she tripped over a temporary service wire laid by an employee of appellee Southern Bell Telephone & Telegraph Company ("Southern Bell") on appellant's premises. Following the trial court's grant of summary judgment to Southern Bell, appellant filed this appeal.

It is agreed that an employee of Southern Bell made a visit on Saturday, July 24, 1982 to appellant's place of business, located adjacent to her home, to repair the telephone line between appellant's business and residence. After receiving appellant's approval, the repairman laid a temporary wire along the ground from the residence to the business, a distance of 75 feet. The repairman advised appellant that this was a temporary measure until the line could be buried. No flags or warning markers were attached to the temporary wire. On August 2, nine days after the temporary wire was laid, appellant tripped over the wire while doing yard work, and injured her right knee.

In her affidavit filed in opposition to Southern Bell's motion for summary judgment, appellant swore that the serviceman told her the line would be buried on Monday, July 26 and that her presence on the property during that operation was not necessary; that the wire's presence was in no way marked; and that the wire lay concealed in the grass nine days later when she fell. The serviceman denied giving appellant a day certain for burial of the line. Appellee maintains it was entitled to summary judgment inasmuch as the evidence showed appellant was aware of the wire on her premises and knew or should have known that the wire was still in place on the day she tripped. Appellant, on the other hand, contends that summary judgment in favor of appellee was inappropriate because she had no reason to believe the wire was unburied, having been assured by appellee's employee that the wire would be buried on Monday, July 26.

On motion for summary judgment, the burden is on the movant, regardless of which party would have the burden of proof at trial, to show there is no genuine issue of material fact. All evidence is to be construed most strongly against the movant, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. *Fiumefreddo v. Scudder*, 252 Ga. 279, 282 (313 SE2d 683) (1984). See

also *Georgia Intl. &c. Ins. Co. v. Huckabee*, 175 Ga. App. 343, 345 (333 SE2d 618) (1985). In a slip and fall case, "it is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative . . ." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846) (1982). There is no question that appellant was aware of the existence of the hazard on July 24-26. The question is whether appellant is deemed to have knowledge of the hidden hazard after having been assured that it was to be removed as of a certain date.

Construing, as we must, the evidence in the light most favorable to appellant, we conclude that while appellant may have been aware of the danger the wire presented on the day it was laid and on the two following days, whether appellant exercised that duty of care commensurate with her knowledge a week after she was told the wire would be buried is a circumstance to be considered by the jury in determining if appellant exercised due care for her personal safety. See *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158, 159 (335 SE2d 408) (1985). The cases cited by appellee are distinguishable: in both *Shamis v. Southern Bell &c. Co.*, 155 Ga. App. 513 (271 SE2d 658) (1980), and *Tidwell v. Southern Bell &c. Co.*, 156 Ga. App. 153 (274 SE2d 137) (1980), the plaintiffs were aware of the continual existence of the hazard; in the case at bar, there exists a question of fact whether appellant was aware or should have been aware of the continuing nature of the hazard.

*Judgment reversed. McMurray, P. J., Banke, P. J., Carley and Beasley, JJ., concur. Birdsong, C. J., Deen, P. J., Sognier and Pope, JJ., dissent.*

DEEN, Presiding Judge, dissenting.

Insofar as it was undisputed that the appellant had actual knowledge that the service wire was placed on the ground, summary judgment for the appellee was proper. *Tidwell v. Southern Bell Tel. &c. Co.*, 156 Ga. App. 153 (274 SE2d 137) (1980); *Shamis v. Southern Bell Tel. &c. Co.*, 155 Ga. App. 513 (271 SE2d 658) (1980). Her assertion that she thought that the wire had already been buried is unavailing, since the fact that no trench (seventy-five feet long) had been dug certainly provided adequate notice to the appellant that the wire had not yet been buried. See *Apostol-Athanasiou v. White*, 176 Ga. App. 178 (335 SE2d 442) (1985). The trial court's grant of summary judgment for the appellee thus should be affirmed.

I am authorized to state that Chief Judge Birdsong, Judge Sognier, and Judge Pope join in this dissent.

526

DECIDED MARCH 17, 1987 —
REHEARING DENIED APRIL 3, 1987 — 

*Lawrence J. Hogan, Jane Reed,* for appellant.
*William J. Ellenberg II, R. Phillip Shinall III,* for appellee.