## 75734. HOPKINS v. HOPKINS.
### (367 SE2d 825)

BEASLEY, Judge.

The trial court granted summary judgment against plaintiff on his suit seeking contribution from his former wife for payments made on two debts which he contends were joint obligations incurred during their marriage. The first resulted from a car lease they entered in 1983 with Arlington Toyota, which lease was assigned to General Electric Credit Auto Lease, Inc. (G.E.C.A.L.). The second debt was a joint VISA credit account with Sun Bank.

The parties separated in April 1985 and later defaulted on the lease payments and relinquished possession of the car. Plaintiff husband received notice of a deficiency of $3,185.07 on which he paid $2900 from July 1985 to July 1987. In July 1985 the parties executed a separation agreement which was incorporated into the divorce decree in September. The former wife instituted voluntary bankruptcy proceedings in November, scheduling Sun Bank VISA as an unsecured creditor but not listing G.E.C.A.L. or plaintiff. She was discharged as of July 1986.

Plaintiff asserts that he has paid $2,375.01 on the VISA account since September 1986 and is entitled to recover half of that and half of the $2,900 he paid on the car lease. Defendant admitted that as of May 1985 the parties were jointly indebted to G.E.C.A.L. for $3,185 and as of November 1985 to VISA for $2,500.

Defendant contends plaintiff is precluded from recovering by the release contained in their settlement agreement of July 1985 and by her discharge in bankruptcy. Plaintiff contends that the right of contribution under OCGA § 23-2-71 arises not when the joint obligation is incurred, but when one obligor pays more than his fair share of the liability, citing *Sherling v. Long*, 122 Ga. 797, 798 (50 SE 935) (1905), and *Snyder v. Elkan*, 187 Ga. 164, 171 (199 SE 891) (1938).

The settlement agreement provides: "Except as herein specifically provided, the parties do mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and. equity, which each of them ever had, now has or may hereafter have against the other upon or by reason of any matter, cause or thing up to the day of execution by the parties hereto of this agreement."

In construing the language of the provision the court reasoned that it released each "from liability for any cause of action which

arises by reason of any matter, cause, or thing up to the agreement's execution date. The parties' joint liability on both debts constitutes a matter, cause, or thing which existed prior to execution of the agreement. Thus, this action for contribution is a right of action which arose by reason of a matter, cause or thing in existence prior to the date of execution of the agreement."

A release or settlement agreement is a contract subject to construction by the court. *McKie v. McKie*, 213 Ga. 582, 583 (2) (100 SE2d 580) (1957). It is governed by state law applicable to contracts in general. *Wong v. Bailey*, 752 F2d 619, 621 (11th Cir. 1985); *Blum v. Morgan Guar. Trust Co.*, 709 F2d 1463, 1467 (11th Cir. 1983). The cardinal rule of construction is to determine the intention of the parties, *McKie*, supra, and *Burch v. Ragan*, 92 Ga. App. 605, 607 (1) (89 SE2d 541) (1955). But no construction is "required or even permissible when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation." *Cincinnati Ins. Co. v. Davis*, 153 Ga. App. 291, 294 (265 SE2d 102) (1980). Accord *Heyman v. Fin. Properties Developers*, 175 Ga. App. 146, 147 (332 SE2d 893) (1985). Because the language of the release provision was subject to only one reasonable interpretation, the trial court's construction is sound.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1988 —
REHEARING DENIED MARCH 24, 1988.

*Patrick J. Fox*, for appellant.
*James R. Dollar, Jr.*, for appellee.