A89A0061. REALTY WORLD-DRUID REALTY, INC. et al. v. HOOPER PROPERTIES, INC. et al.
(383 SE2d 164)

SOGNIER, Judge.

Realty World-Druid Realty, Inc., Bruce Gruber, and William Himes brought suit against Hooper Properties, Inc., Sycamore Drive Associates (in which Hooper Properties is a partner), and other undisclosed partners in Sycamore Drive Associates, designated "John Doe," seeking to recover commissions and bonuses allegedly due under a brokerage contract. The trial court granted summary judgment in favor of the defendants and this appeal ensued.

Appellants entered into a brokerage contract with appellee Hooper Properties (hereinafter "Hooper") whereby appellants agreed to help Hooper acquire real property within a designated "target property area." The document provided that "for each parcel of property acquired for [Hooper], [appellants] shall be entitled to a total commission of [$1,500]. Such commission shall be payable Five Hundred ($500.00) Dollars at presentation of the contract to [Hooper] . . . and One Thousand ($1,000.00) Dollars shall be payable at the time of closing." The document further provided that "[o]n any parcel of real property in the target property area which is acquired through the efforts of [appellants] under a contract which calls for a purchase price which is no more than 111 percent of the fair market value of the property in question, [appellants] shall receive an additional bonus of Five Hundred ($500.00) Dollars."

We note that a review of the records fails to disclose on what basis Sycamore Drive Associates and "John Doe" are included as parties to appellants' breach of contract claim. However, none of the parties raises this issue and considering the state of the record before us, we leave the disposition of this matter to the trial court, as we have here made no determination in that regard.

1. (a) Appellants contend the trial court misconstrued the brokerage contract, arguing that they were entitled under the terms of the document to commissions and bonuses on any properties acquired by Hooper in the target area regardless whether or not appellants were the ones who presented the contracts. We agree with the trial court's construction of the document that the language therein did not entitle appellants to commissions and bonuses on those contested properties which were acquired by Hooper on contracts submitted to Hooper by parties other than appellants. The language of the brokerage contract is " 'plain, unambiguous, and capable of only one reason-

able interpretation,'" *Hopkins v. Hopkins*, 186 Ga. App. 530, 531 (367 SE2d 825) (1988), and since appellants' own evidence, i.e., the deposition of appellant Gruber, established that no questions of fact remained that appellants did not present Hooper with the contracts to those properties, we find no error in the trial court's determination that appellants were not entitled strictly under the terms of the brokerage contract to the commissions and bonuses on those properties. But see Division 2, infra.

(b) However, as appellants note in their brief on appeal, appellants asserted in their complaint that appellees had also failed to pay appellants the total commissions and bonuses they had earned on contracts that appellants did present to Hooper. Our review of the affidavits and deposition testimony in the record shows that while appellants did not stress this claim before the trial court, having concentrated primarily on their claim addressed above, neither have they abandoned that claim or otherwise waived it.

Addressing first the commissions claimed by appellants, appellees failed to submit any affidavits regarding this claim and nothing in appellees' one deposition of record rebuts appellants' claim that they did not receive the compensation to which they were entitled under the contract as to the commissions sought. "The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. [Cits.] . . . There is no duty placed upon the [respondent] to produce evidence until the [movants]'s evidence pierces the [respondent]'s pleadings and demands a finding in [movant]'s favor on the particular issue of fact made by the pleadings." *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465) (1983). Appellees having failed to pierce appellants' pleadings in regard to the issue of commissions sought for properties closed on contracts allegedly presented by appellants, the trial court erred by granting summary judgment to appellees thereon. See generally *Nichols v. Frey*, 185 Ga. App. 829, 831 (366 SE2d 212) (1988).

Addressing second the bonuses claimed by appellants, the bonus provision in the brokerage contract would apply to those properties allegedly closed by appellants, see above, or which allegedly would have closed but for interference by appellees, see Division 2, infra, should appellants be able to prove their entitlement to commissions thereon, a matter on which we intimate no opinion. However, the bonus provision in the brokerage contract provided that in the case of a disagreement whether appellants were entitled to a bonus "the parties shall select a real estate appraiser . . . agreeable to both parties whose decision as to fair market value shall be final. . . . Should the parties be unable to agree to an appraiser, they shall petition the pre-

siding Judge of the Superior Court of DeKalb County to name an appraiser." In their complaint, appellants asserted their right under the first part of this provision to designate an appraiser but did not include in their prayer for relief any petition to the trial court to name an appraiser. The record fails to indicate what response appellees made to appellants' exercise of this contractual provision. Since appellants' claim for bonuses would be a matter for resolution pursuant to the terms of the brokerage contract, which it appears from appellants' complaint that they are affirmatively pursuing, this portion of appellants' claim must be dismissed without prejudice for resolution by the parties because in the absence of any allegation that appellees have breached or violated any legal duties or rights regarding those bonus payments in the brokerage contract under which appellants claim, no right of action exists in this matter. See generally *Bryant v. Randall,* 244 Ga. 676, 682 (261 SE2d 602) (1979).

2. Appellants contend the trial court erred by ruling that appellants were not entitled to recover the commissions and bonuses on certain parcels of real property to which they claimed they were entitled because appellees prevented them from procuring the sales contracts. "Under [OCGA § 10-6-32] a broker is entitled to his commission whenever, during the period of his agency, 'he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner.' By judicial decision, this statute has been made applicable to brokers finding property for those principals desiring to purchase. [Cits.] The decisions have also held that a broker is entitled to a commission whenever negotiations conducted by him on behalf of the principal culminate in the purchase of the property by the principal or would have so culminated but for the principal's interference. [Cits.]" *Sharp-Boylston Co. v. Lundeen,* 145 Ga. App. 672, 673 (244 SE2d 622) (1978). See also *Hendrix v. Crosby,* 76 Ga. App. 191, 193-194 (1) (45 SE2d 448) (1947). The agreement between the parties did not provide that appellants were the exclusive agents for Hooper. Thus, as non-exclusive agents, appellants were entitled to recover the commissions and bonuses claimed only upon proof that they were the " 'procuring cause' " of the sales, which can be established by showing " 'that negotiations for the sale[s] were set on foot through [their] efforts, that [they] performed every service required by [their] employment which it was possible to perform, and that the failure on [their] part to personally consummate the trade was due to the interference of the [appellees].' [Cits.]" *Kraft Land Svcs. v. Hart Co.,* 165 Ga. App. 358, 363 (300 SE2d 186) (1983).

In the non-exclusive contract between the parties, there was no language prohibiting Hooper from controlling which property owners appellants would or would not contact on Hooper's behalf. It is uncontroverted that appellants did not locate the "target area" property

to be purchased, and that appellees intended to purchase all the property within that area. Hooper directed appellants not to contact certain property owners in that target area and appellants acquiesced in that directive.

Construing the evidence in favor of appellants as respondents on motion for summary judgment, the only activities appellants could possibly have performed on Hooper's behalf were to persuade the owners of the property in the target area to sell their properties to Hooper and to present to Hooper contracts for the purchase of those properties, which in each case was subject to Hooper's approval. Appellants assert that they began to perform these duties, that it was as a result of their efforts that certain property owners were cajoled into selling their properties, and that but for appellees' interference in ordering appellants to cease contact with the property owners, appellants would have obtained the necessary contracts. Appellees presented no evidence to rebut these assertions and rely solely on the specious argument that the contract did not obligate appellants to obey Hooper's directive.

"On motion for summary judgment, the burden is on the movant, regardless of which party would have the burden of proof at trial, to show there is no genuine issue of material fact. All evidence is to be construed most strongly against the movant, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. [Cits.]" *Reid v. Southern Bell*, 182 Ga. App. 524-525 (356 SE2d 77) (1987). Under the record before this court, questions of fact exist whether appellants' negotiations on behalf of Hooper had progressed to such a stage that they were the "procuring cause" of the subsequent property sales so as to entitle them to the commissions claimed, see *Kraft Land Svcs.*, supra, whether appellees were aware of appellants' progress so that the directive to appellants was designed to prevent appellants from consummating the sale in order to avoid payment of commissions and bonuses to appellants, and whether appellants' acquiescence in Hooper's directive amounted to a waiver of any objection to the directive. We thus find the trial court erred by granting summary judgment in favor of appellees on this issue.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 2, 1989.

*Nancy S. Holland,* for appellants.

*Eugene W. Walters*, for appellees.