A92A1670. FERGUSON v. COLUMBIA PROPERTIES, INC. et al.
(428 SE2d 422)

JOHNSON, Judge.

Vonda Fay Ferguson filed suit against Columbia Properties, Inc., The Kroger Company, Hails Construction Company, and Barry O'Neill for injuries allegedly sustained when she slipped and fell on the premises of a shopping center. Ms. Ferguson fell while descending a ramp leading to the parking lot of a Kroger store. She was carrying two bags of groceries when her foot slipped on a metal staple, measuring approximately three-eighths of an inch across, imbedded in the concrete allegedly causing her to lose her footing. The ramp and the staple were painted yellow. She did not see the staple prior to her fall. Ferguson alleges her injuries were proximately caused by Hails' defec-

tive construction of the ramp, as well as negligent failure to warn of the dangerous condition of the ramp and failure to exercise ordinary care in keeping the premises and approaches safe on the part of O'Neill (the owner of the property), Columbia Properties (the property management company), and Kroger (the tenant). Summary judgment was granted in favor of O'Neill, Columbia Properties and Kroger, and denied as to Hails Construction. Ferguson appeals.

Ferguson asserts that summary judgment was improperly granted in favor of the owner of the property, Barry O'Neill, Kroger and Columbia Properties. We disagree. "[W]here the allegations of the petition show that the defect, if any, in the premises alleged to have caused plaintiff's injury was so slight that no careful or prudent man would reasonably anticipate any danger from its existence, no cause of action is set forth. [Occupiers] of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. . . . [O]ne coming upon such premises is not entitled to an absolutely smooth or level way of travel." (Citations and punctuation omitted.) *Associated Distributors v. Canup*, 115 Ga. App. 152, 153 (154 SE2d 32) (1967). Accord *Hughes v. Winn-Dixie Stores*, 142 Ga. App. 110 (1) (235 SE2d 619) (1977). A photograph illustrating the size of the staple is contained in the record. When compared to a Lincoln penny placed beside it, the staple appears to be roughly the length of the president's head.

Ferguson testified that she had shopped at this Kroger two or three times per week for approximately a year, using the same ramp. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. Am. Legion Post No. 29*, 189 Ga. App. 610, 612 (376 SE2d 698) (1988). See generally *Rose v. Kennesaw House*, 203 Ga. App. 648 (417 SE2d 379). (1992). We conclude that the trial court did not err in granting summary judgment to O'Neill, Columbia Properties and Kroger.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 25, 1993.

*Bannister & Black, Charles C. Black*, for appellant.

*Barksdale & Mobley, M. Scott Barksdale, Bentley, Karesh & Seacrest, Gary L. Seacrest, Richard B. Crohan, Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Daniel J. Huff*, for appellees.