A94A0734. McINTYRE v. PIC & SAVE DRUG COMPANY, INC.
(443 SE2d 874)

BIRDSONG, Presiding Judge.

Ira Lee McIntyre appeals the order granting appellee/defendant Pic & Save Drug Company's motion for summary judgment in this slip and fall suit.

Appellant McIntyre, a 72-year-old retiree with advanced diabetes who was able to walk without assistance, was shopping with two

friends; appellant was not pushing a shopping cart. She asked an employee standing in the aisle where bathmats were located; the employee gave her the general direction and location of the item. Appellant started toward the aisle when she slipped and fell on grapes. At the time of her fall appellant was not looking at the floor in front of her but was looking up at an aisle sign, apparently trying to find the aisle number to which she had been directed. *Held*:

1. The summary judgment standard where the motion is made by movant/defendant is set forth in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. To state a cause of action in a case where plaintiff alleges that due to a negligent act of defendant she slipped and fell on a foreign substance on defendant's floor, plaintiff must show that: (1) defendant had actual or constructive knowledge of the foreign substance and (2) plaintiff was without knowledge of the substance or for some reason attributable to defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327).

By way of deposition, appellant testified to the following: she asked a store employee where bathmats were located and "was going to . . . find that aisle" when she fell; she does not know how many steps she took after she turned away from the employee to find the bathmat aisle before she fell; "there [was] nobody around [her]" when she fell; appellant saw no employee of appellee store in the vicinity of where she fell; the grapes on which she fell were "in the aisle," they were not hidden from her view; she observed no shelves or anything which would obstruct her vision of the aisle; the store was well lighted; and she "couldn't tell" whether the grapes, by their appearance, were smashed when she fell or before her fall. Additionally, by way of affidavit, the store manager stated under oath and without contradiction of the record, that "Pic N' Save company policy dictates that store aisles should be inspected on a regular basis. It is my normal routine to inspect the aisles of the store premises every twenty (20) minutes," and that he had neither personal knowledge nor had he received the report of any employee that a grape was seen on the store's floor prior to appellant's fall.

Any evidence offered by appellant, without reasonable explanation therefor, which contradicts in whole or part any of her above recounted deposition testimony results in an application of the rule of contradictory testimony of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). In view of the evidentiary posture in this case, the trial court did not err in granting in favor of appellee. Compare *Minor v. Super Discount Markets*, 211 Ga. App. 123 (438 SE2d 384) with *Queen v. Kroger Co.*, 191 Ga. App. 249 (381 SE2d 413) (appellant slipped on grapes).

3. However, appellant further argues that the rule of distraction should apply as she was looking at the aisle sign to try to determine the aisle number to which she had been directed by the store employee. The evidence fails to create a genuine issue of material fact based on a claim of distraction. Appellant of her own volition elected to look at the aisle sign as she walked rather than stopping to read the sign; she admits she was not looking where she was walking at the time of her fall. "Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence." (Punctuation omitted.) *Sullenberger v. Grand Union Co.*, 201 Ga. App. 194, 195 (410 SE2d 381); see also *Wal-Mart Stores v. Hester*, 201 Ga. App. 478 (411 SE2d 507).

We find appellant's various contentions without merit.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 25, 1994.

*Benjamin Smith, Jr., Leon A. Wilson II,* for appellant.
*Walker & Sweat, Forrest W. Sweat, Jr.,* for appellee.