A94A2212. WHEELER/KOLB MANAGEMENT COMPANY et al.
v. PORETSKY et al.
(453 SE2d 104)

ANDREWS, Judge.

On April 26, 1993, Curtis and Sara Poretsky filed a complaint against Wheeler/Kolb Management Company f/k/a Hudgens Management Company and Glynn Mall Suites Hotel, Inc. The complaint alleged that Curtis Poretsky suffered personal injuries when he fell on a stone which was adjacent to a lobby fountain display at the Glynn Mall Suites Hotel. The complaint alleged that the fall was the result of the defendants' maintenance of a hazardous condition and of defendants' negligence in failing to warn guests of the danger.

The basic facts necessary to this case are the following. The Poretskys were on a visit to the Okefenokee Swamp when the April 27, 1991 fall occurred. The fall occurred in the lobby of the Glynn Mall Suites Hotel, around a large water fountain display consisting of various small cascading waterfalls. The display also contained a pond which was approximately 17 feet by 19 feet. The entire structure was surrounded by a two-foot stone facade wall.

At his deposition, Poretsky stated that he had observed the fountain at least three times prior to his fall. He saw the fountain at a reception in the lobby area of the hotel on April 26 at which he socialized for at least 45 minutes. He observed the fountain again upon his return to the hotel that same night. He saw the fountain a third time on his way to breakfast on the morning of April 27.

After breakfast on the morning of April 27, Poretsky browsed at a medical exhibit in the area of the fountain. In looking at the exhibit, he walked around the fountain once. Then Mrs. Poretsky called him and alerted him to the fact that a tour bus was ready for boarding. While fixing his attention on the bus, which he could see through the front glass wall of the hotel, Poretsky began walking around the fountain. He struck his foot on a rock which protruded from the wall around the fountain, tripped and fell.

Poretsky stated that he had an unobstructed view of the water fountain and the wall at the time of his fall. He stated that his vision

was not impaired at the time of the fall. He had no explanation as to why he was unable to see the protruding area before he fell.

On February 7, 1994, the defendants filed a motion for summary judgment, arguing that they breached no duty to plaintiffs, that there was no hazard present, that Poretsky had equal knowledge of any hazard, and that Poretsky failed to exercise ordinary care for his own safety. With the motion, defendants filed affidavits which established that no incidents involving injuries had occurred in the hotel's fountain area prior to Poretsky's fall. The superior court denied defendants' motion and we granted the application for interlocutory appeal.

Here, in two enumerations of error, Wheeler/Kolb and the hotel argue that the superior court erred in denying their motion for summary judgment on Poretsky's claim for personal injury and on his wife's claim for loss of consortium. They argue that they breached no duty owed to the Poretskys and that Curtis Poretsky failed to exercise ordinary care for his own safety. They claim that there was no evidence that the fountain's stone facade constituted a hazardous condition and that Curtis Poretsky's knowledge of any allegedly hazardous condition was equal to theirs and bars recovery.

The Poretskys argue that the protruding stone area constituted a defect in the premises for which Wheeler/Kolb and the hotel are liable. They contend that the defect was not patent and that summary judgment was properly denied.

" 'The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.' . . . [Cits.]" *Kroger Co. v. Bailey*, 212 Ga. App. 568, 569 (442 SE2d 480) (1994); see also *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291 (435 SE2d 764) (1993).

Moreover, "[w]here the allegations of the petition show that the defect, if any, in the premises alleged to have caused plaintiff's injury was so slight that no careful or prudent man would reasonably anticipate any danger from its existence, no cause of action is set forth. Occupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is

not entitled to an absolutely smooth or level way of travel." (Punctuation omitted.) *Ferguson v. Columbia Properties*, 207 Ga. App. 517, 518 (428 SE2d 422) (1993).

Here, Poretsky had seen the fountain display several times prior to his fall. The Poretskys admit that had he examined the fountain wall he could have seen the rock over which he tripped. There was no evidence that any injuries had previously occurred because of the fountain wall, nor was there evidence that the hotel or Wheeler/Kolb was aware of any danger from the structure. Under these circumstances, it is clear that Poretsky's knowledge of the alleged "defective condition" and potential danger was equal to that of Wheeler/Kolb and the hotel and that no duty was breached. Accordingly, the superior court erred in denying the motion for summary judgment.

*Judgment reversed. Beasley, C. J., and Johnson, J., concur.*

DECIDED JANUARY 6, 1995.

*Robert A. Freyre,* for appellants.
*Gilbert, Harrell, Gilbert, Sumerford & Martin, M. Lynn Frey III,* for appellees.