A95A0789. PIGGLY WIGGLY SOUTHERN, INC. v. BENNETT
et al.
(458 SE2d 138)

JOHNSON, Judge.
Janeice Bennett sued Piggly Wiggly Southern, Inc., for personal injuries sustained when she tripped and fell outside Piggly Wiggly's grocery store. Bennett's husband also sued Piggly Wiggly for loss of consortium. Piggly Wiggly moved for summary judgment. The trial court denied the motion, and this court granted Piggly Wiggly's application for interlocutory review of the lower court's ruling.

"On motion for summary judgment, the burden is on the movant, regardless of which party would have the burden of proof at trial, to show there is no genuine issue of material fact. All evidence is to be construed most strongly against the movant, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. [Cits.]" *Reid v. Southern Bell Tel. &c. Co.*, 182 Ga. App. 524 (356 SE2d 77) (1987). Construed against Piggly Wiggly and in favor of the Bennetts, the evidence in this case shows that Janeice Bennett fell when the heel of her shoe caught on what she described as "a little lip, [a] small lip" at the edge of Piggly Wiggly's parking lot where it adjoins a grocery cart ramp leading toward the store entrance. Bennett testified at her deposition that she looked directly at the joint between the parking lot and the ramp as she stepped on it. Based on this evidence, Piggly Wiggly met its burden of proving there are no genuine issues of material fact.

"Occupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is not entitled to an absolutely smooth or level way of travel." (Citations and punctuation omitted.) *Ferguson v. Columbia Properties*, 207 Ga. App. 517, 518 (428 SE2d 422) (1993). "It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." (Punctuation omitted.) *Wiley v. Family Dollar Store &c.*, 208 Ga. App. 461, 462 (430 SE2d 839) (1993). Here, the uneven pavement upon which Bennett tripped was a static, trifling defect and nothing obstructed Bennett's view as she looked directly at it. Because the undisputed evidence shows Piggly Wiggly was justified in assuming Bennett would see and realize any risk posed by the slightly uneven pavement, the court erred in denying Piggly Wiggly's motion for summary judgment as to Bennett's personal injury claim. See *Crenshaw v. Hogan*, 203 Ga. App. 104, 105 (416 SE2d 147) (1992); *Emory Univ. v. Duncan*, 182 Ga. App. 326, 329 (2) (355 SE2d 446) (1987). Likewise, the court erroneously denied summary judgment to Piggly Wiggly on Bennett's husband's derivative claim of loss of consortium. See *Horn v. Foodmax of Ga.*, 210 Ga. App. 506, 508 (2) (437 SE2d 336) (1993).

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 3, 1995 —
RECONSIDERATION DENIED MAY 31, 1995.

*Hodges, Erwin, Hedrick & Coleman, William A. Erwin,* for appellant.

*Simpson, Gray & Carter, Ralph F. Simpson, Melanie B. Cross,* for appellees.