A96A1376. LONG JOHN SILVER'S, INC. v. COLEMAN.
(479 SE2d 141)

BEASLEY, Chief Judge.

Coleman sued Long John Silver's for personal injuries she sustained when she tripped and fell outside its restaurant. The trial court denied Long John Silver's motion for summary judgment and issued a certificate of immediate review, and we granted Long John

Silver's application for interlocutory review. See OCGA § 5-6-34 (b).

Coleman wrenched her knee when the heel of her shoe caught in a small hole or crack in the concrete ramp in front of the restaurant. She was wearing pumps with a two-inch heel, and her foot came out of the shoe, which remained lodged in the hole. She described the hole as an inch or so in width and it was just large enough for her shoe heel to lodge inside it. Coleman's two companions testified that after the incident the hole was visible from a standing position. Coleman testified she did not know whether the hole was visible from such a place but that as she approached she was not looking where she placed her feet.

This case is factually similar to *Piggly Wiggly Southern v. Bennett*, 217 Ga. App. 496 (458 SE2d 138) (1995). There the plaintiff tripped when her heel caught on a small defect at the juncture of the parking lot pavement and the paved entrance ramp to a store. Id. at 497. *Bennett's* holding can be applied here: " 'Occupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is not entitled to an absolutely smooth or level way of travel.' . . . [Cit.] 'It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved.' . . . [Cit.] Here, the uneven pavement upon which [Coleman] tripped was a static, trifling defect and nothing obstructed [Coleman]'s view" of it. Id.

Coleman argues *Bennett* does not apply because a factual dispute remains as to whether her view of the pavement was blocked by one of her companions walking just ahead of her. If such did cause an obstruction to her view, that obstruction is not attributable to Long John Silver's. See *Froman v. George L. Smith, Ga. World Congress Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990). She also contends *Bennett* and its "static defect" argument should not be addressed because it was not raised until Long John Silver's filed its reply brief on its motion for summary judgment, which it did in open court the day of the hearing, precluding Coleman from filing evidence to rebut it. Long John Silver's initial brief in support of its motion for summary judgment cited *Bennett* and noted the factual similarity. Coleman had ample time to respond to the issues addressed in *Bennett*.

She also argues *Bennett* does not control because a sign in the window of the restaurant posed a distraction that removed her attention from where she was walking. See *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378 (124 SE2d 688) (1962). Any distraction

was self-induced by her decision to read the sign while walking rather than stop to read it, preventing recovery. *McIntyre v. Pic & Save Drug Co.*, 213 Ga. App. 58, 60 (3) (443 SE2d 874) (1994).

Coleman argues that *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994), precludes applying *McIntyre* because her testimony that she was reading the sign while walking leaves a factual issue as to whether she was exercising reasonable care for her own safety. This argument is misplaced. *Barentine* found, there was "some evidence" that the invitee was acting reasonably in looking at the cashier rather than where he was going, but the circumstances here differ. Unlike *Barentine*, this is not a case involving an interior floor where the invitee might expect maintenance procedures will remove foreign substances that appear. Compare also *J. H. Harvey Co. v. Edwards*, 219 Ga. App. 697 (466 SE2d 246) (1995); *McDonald's Restaurants &c. v. Banks*, 219 Ga. App. 667 (466 SE2d 240) (1995); *Axom v. Wendy's Intl.*, 219 Ga. App. 623 (466 SE2d 613) (1995); *Piggly Wiggly Southern v. Brown*, 219 Ga. App. 614 (468 SE2d 387) (1995); *Baker v. Winn Dixie Stores*, 219 Ga. App. 513 (465 SE2d 710) (1995). This was a trifling, static defect, and Coleman was traversing exterior concrete where "[i]t is common knowledge that small cracks, holes and uneven spots often develop." *Bennett*, supra at 497; *Papera v. TOC Retail*, 218 Ga. App. 777, 778 (3) (463 SE2d 61) (1995); *Gaydos v. Grupe &c. Investors*, 211 Ga. App. 811, 813 (440 SE2d 545) (1994). Walking in such an area while reading a sign rather than looking where she stepped is not "some evidence" that she was exercising reasonable care for her own safety.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 5, 1996.

*Carter & Ansley, Thomas E. Magill, Burke B. Johnson*, for appellant.

*Nancy E. R. O'Quinn*, for appellee.