### A97A0452. PIGGLY WIGGLY SOUTHERN, INC. v. JAMES.
(485 SE2d 223)

BIRDSONG, Presiding Judge.

Appellant Piggly Wiggly Southern, Inc. appeals the order of the trial court denying it summary judgment in this slip and fall case filed by appellee/plaintiff Betty Jean James. *Held*:

Because it appears that appellee failed to adduce evidence from which a trier of fact could infer that appellant had superior knowledge of the claimed hazard, we conclude that the trial court erred in denying appellant's motion for summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

Appellee slipped and fell in a three-inch by five-inch puddle of reddish-colored ham juice, which was visible against the grocery store's white floor.

At the time of the incident, the store was well lighted, and appellee had no trouble seeing. Appellee did not see the puddle because she was looking toward the milk department at the time of the incident; milk was the next item she was going to purchase. Voluntarily looking at merchandise or aisle signs displayed in a store does not constitute a distraction in a slip and fall case; one cannot claim the benefit of a self-induced distraction. Compare *McIntyre v. Pic &c. Drug Co.*, 213 Ga. App. 58, 60 (3) (443 SE2d 874); *Minor v. Super Discount Mkts.*, 211 Ga. App. 123 (438 SE2d 384); accord *Moore v. Kroger Co.*, 221 Ga. App. 520, 522 (471 SE2d 916).

Further, appellee offered no reason to explain why she could not have seen the red liquid had she been looking where she was going. In fact, appellee testified she did not even look to see if a foreign object was on the floor after her fall. Rather, after her fall, store employees observed the reddish or pink substance on the floor where appellee had been. One employee testified, without refutation, that it looked as if appellee's foot had gone through this reddish or pinkish liquid. Appellee was lying beside or over the liquid, and the employee could not see it until appellee was picked up from the floor. The meat manager who viewed the liquid was positive that it was ham juice. The store manager dust-mopped the area where appellee slipped only ten to fifteen minutes before the incident and stated that at that time the floor was clean and dry. Compare *Mazur v. Food Giant*, 183 Ga. App. 453 (1) (359 SE2d 178). An employee of the meat department stated that he had handed appellee a ham several minutes prior to her fall; at that time, the employee was about ten to twelve

feet away from the place appellee fell; however, appellee was blocking his view of that portion of the floor.

To state a cause of action in a slip and fall case, appellee/plaintiff must adduce evidence showing (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). In this latter regard, " '[t]he customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him *or* in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him.' " (Emphasis supplied.) Id. If a defendant discharges his burden, within the meaning of *Lau's Corp.*, supra, by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the non-moving party's case, that is, by demonstrating that the evidence does not create a triable issue as to each of these essential elements, summary judgment for the defendant is appropriate. Compare *Winn Dixie Stores v. Carroll*, 212 Ga. App. 234 (441 SE2d 432).

In this case, appellant met its burden under *Lau's Corp.* There is no evidence in the record that appellant had actual knowledge of the spill; in fact, the evidence of the recent dust-mopping of the aisle tends to negate the existence of any constructive knowledge on the part of appellant. Even assuming without deciding that the employee's presence near the location of appellee's fall gives rise to an inference of constructive knowledge, appellee has not gone forward to point to specific evidence giving rise to a triable issue regarding whether in the exercise of reasonable care for her own safety, appellee still would have been unable to learn of the presence of the foreign substance causing her fall. See *Lau's Corp.*, supra at 491, 495. "Even if we assume [appellant] had actual or constructive knowledge of the hazard, the store would still be entitled to summary judgment if [appellee] knew about the hazard *or should have discovered and avoided it*, unless [appellant store] somehow prevented her from discovering it." (Emphasis supplied.) *Moore*, supra at 521. Since appellee could have discovered the foreign substance in the exercise of ordinary care, her constructive knowledge of the substance at least equals if not exceeds that of appellant. In this regard, we find no evidence in this record that appellant prevented appellee from discovering the substance. Appellee has failed to go forward to point to the existence of specific evidence from which a trier of fact could conclude that appellant had superior knowledge of the substance. Accordingly,

we find that the trial court erred in denying appellant's motion for summary judgment. *Lau's Corp.*, supra.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 14, 1997 —
RECONSIDERATION DISMISSED APRIL 1, 1997.

Jones, Cork & Miller, Timothy Harden III, Wendell K. Howell, for appellant.

Divine, Dorough & Sizemore, Kermit S. Dorough, Jr., for appellee.