32174.   ERWIN *v.* WENDER.

DECIDED NOVEMBER 11, 1948.   REHEARING DENIED DECEMBER 3, 1948.

96

*Robert P. McLarty, Paul H. Anderson,* for plaintiff.
*A. S. Grove,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) It was alleged in the petition that the plaintiff, a real-estate broker, was informed by the defendant that he desired to purchase investment property in the vicinity of the City of Atlanta, and that he could pay around $200,000 therefor, and that he requested the plaintiff to locate such a piece of property for him. Pursuant to such request, the plaintiff, about June 1, 1947, contacted Ben Massell, vice-president of Pinegrant Corporation, and told him that he had a client who desired to purchase a piece of investment property in the $200,000 class, and Massell listed with the plaintiff the property in question, for sale at $200,000 net to the owner, the purchaser to pay the real-estate commission in addition. The plaintiff secured all necessary information about the property, prepared a "set-up" of same, showed this to the defendant, and explained to him that the price of $200,000 was to be net to the owner and that the purchaser would have to pay the real-estate commission on the sale, in addition to the price stated. The defendant indicated that he was interested in

the property, took and retained the "set-up" of the property prepared by the plaintiff, and shortly thereafter, through a corporation, principally owned and controlled by the defendant and organized by him on June 11, 1947, for the purpose of buying the property, the defendant purchased the property in question from the owner for $195,000, falsely and fraudulently representing to the owner that no real-estate agent was involved.

It clearly appears from the petition that the alleged services of the plaintiff in connection with this property were performed by him at the request of the defendant and that the same were accepted by the defendant. Code § 3-107 provides: "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." Besides, the terms of the listing of this property were made known to the defendant, who was informed that the purchaser would be liable for commissions. "In order for a broker to earn a commission on account of the sale of property, he must either have sold it or been the procuring cause of the sale. The owner may sell the property, and if he does not use the broker's labor to help in the sale, he owes the broker nothing, but if a purchaser procured by the broker buys from the owner, even at a less price than that given the broker, the owner would be liable for the broker's commission if the broker's effort was the procuring cause of the sale." *Edwards* v. *Andrews Bros.*, 24 *Ga. App.* 645 (101 S. E. 775). "Where property placed in the hands of a broker for sale is subsequently sold by the owner, the broker is entitled to the commission if he was the procuring cause of the sale, although the sale was actually consummated by the owner [citing]. In determining whether a broker has earned his commission for procuring a purchaser, it is not necessary that his services shall have been the sole cause, but it is enough if the efforts of the broker, acting on the purchaser, are the efficient cause of his offer [citing]." *Wilcox* v. *Wilcox*, 31 *Ga. App.* 486 (2, 3) (119 S. E. 445). Also see *Vaughn* v. *Clements*, 65 *Ga. App.* 823, 825 (16 S. E. 2d, 607); *Doonan* v. *Ives*, 73 *Ga.* 295. A jury would be authorized to find from the allegations of the petition, if sustained by evidence, that the plaintiff was the procuring cause of the sale of the property in question to the

defendant, or his corporation organized for the purpose of taking title to the property. The fact that the corporation organized by the defendant for such purpose bought the property does not affect the plaintiff's right to recover for the services performed by him and accepted by the defendant. The defendant sought and requested the services of the plaintiff in this matter, and he could not then form a corporation and purchase the property through it directly from the owner so as to defeat the plaintiff's right to compensation for his services.

The defendant's contention that the petition failed to set out a cause of action, because it showed that the plaintiff was not acting as the agent of the defendant, can not be sustained. The petition does not show such a dual agency unknown to both principals as would defeat the right of the plaintiff to commissions. As above stated, the defendant was told that the purchaser of this property would have to pay the commissions. The case of *Williamson* v. *Martin-Ozburn Realty Co.*, 19 *Ga. App.* 425 (91 S. E. 510), is similar to the present case, and the principles ruled in that case are applicable and controlling in this case. The petition was not subject to the general demurrer, and the trial judge erred in sustaining the demurrer and in dismissing the action. *Judgment reversed. Felton and Parker, JJ., concur.*