70609. FUTCH et al. v. GUTHRIE et al.
(337 SE2d 384)

SOGNIER, Judge.

Rufus Guthrie, d/b/a Guthrie Realty Company (Guthrie) and Larry Watts, d/b/a Georgia Farm and Land Company (Watts) brought this action against Claiborne W. Futch, Dwayne M. Weise, and others not parties to this appeal seeking a broker's commission under express and implied contract, quantum meruit for (brokerage services rendered), and damages in tort. The case proceeded to trial, and at the close of Guthrie's and Watts' case, the trial court granted

motions for directed verdict on all but two counts, those seeking a brokerage commission under implied contract, and payment for services under quantum meruit. The jury returned a verdict in favor of Guthrie and Watts and against Futch and Weise on the quantum meruit count. The trial court denied Futch's and Weise's motion for judgment notwithstanding the verdict, and they appeal.

1. Appellants contend the trial court erred by denying their motions for a directed verdict and for judgment notwithstanding the verdict regarding appellees' count in quantum meruit. Appellants argue that the jury's verdict is contrary to law and unsupported by the evidence because appellees were not the procuring cause of the sale of the property at issue. "Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." OCGA § 9-2-7. "Generally, an action of this type is one upon quantum meruit." *Sharp-Boylston Co. v. Lundeen*, 145 Ga. App. 672, 674 (244 SE2d 622) (1978).

Although in a suit for a broker's commission a realtor must show that he either effected the sale of property or was the procuring cause of the sale, *Fields Realty &c. Co. v. Teper*, 165 Ga. App. 28, 29 (1) (299 SE2d 74) (1983), a realtor may recover in quantum meruit without such a showing for the value of his services received by and of benefit to another party. *Sharp-Boylston*, supra; *Nestle' Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328, 334 (7) (265 SE2d 61) (1980).

The record reflects that appellees informed appellants of the subject property in accordance with appellants' request that they be contacted about property available for development, obtained information for appellants regarding development of the property, located the property's boundaries, and walked the property with appellants. Also, at appellants' request, appellees arranged two meetings between appellants and the property owner to discuss the purchase of the property, and prepared a contract substantially similar to that subsequently executed between appellants and the seller. "Under these circumstances, the jury [was properly] allowed to decide whether the appellants were entitled to any recovery in quantum meruit." *Sharp-Boylston*, supra at 674. There being some evidence to support the jury's verdict, the trial court did not err by denying appellants' motions for a directed verdict and for judgment notwithstanding the verdict. See *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983).

2. Next, appellants contend the trial court erred by denying their motions for a directed verdict and for judgment notwithstanding the verdict because there was no evidence from which the jury could determine the value of appellees' services. "Value, as any other matter to be proved, may be shown circumstantially or inferentially as well

as directly or positively. [Cits.]" *Kraft v. Rowland & Rowland*, 33 Ga. App. 806, 812 (3) (128 SE 812) (1925). Both the final contract executed by appellants and the seller and a proposed contract containing appellants' first offer to purchase the property and an amount as appellees' broker's commission were received in evidence. This evidence was sufficient to support the jury's verdict which was considerably less than what appellees' commission would have been under the initial proposed contract. See *Kraft*, supra at 812-814 (3), (4) and (5); see also *Adair Realty Co. v. Wellman*, 141 Ga. App. 101, 103 (3) (232 SE2d 571) (1977).

3. Appellants further contend that the trial court erred by failing to require appellees to elect their remedy prior to presenting evidence to the jury in support of their claims under contract and quantum meruit. It was permissible for appellees to pursue inconsistent remedies, and they were required to elect their remedy only prior to entry of judgment. *UIV Corp. v. Oswald*, 139 Ga. App. 697 (229 SE2d 512) (1976); *Steinemann v. Vaughn & Co.*, 169 Ga. App. 573, 579 (1) (313 SE2d 701) (1984). The jury returned a verdict in favor of appellees only on their claim in quantum meruit, and, therefore, we find no error in the trial court's entry of judgment based on that verdict.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 18, 1985 —
REHEARING DENIED NOVEMBER 1, 1985.

*A. Jack Hinton, Jr.*, for appellants.
*Thomas S. Bentley, Edwin A. Tate*, for appellees.