DECIDED JANUARY 27, 1987 —
REHEARING DENIED FEBRUARY 10, 1987 —

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.
*B. Randall Blackwood, Kathryn R. Murray*, for appellee.

73991. ALLEN v. T. A. COMMUNICATIONS, INC. et al.
(353 SE2d 569)

DEEN, Presiding Judge.

The appellant, James W. Allen, commenced this action against the various corporate and individual defendants to recover for his alleged services in establishing a telephone long distance reselling company, asserting as theories of recovery breach of contract, quantum meruit, and implied trust. The trial court granted summary judgment for all of the defendants, and Allen appeals from that disposition only with regard to his claim based on quantum meruit.

In late 1981 or early 1982, Allen became aware of Herbert Turpin's idea of setting up a telephone long distance reselling company. Allen suggested that he might be able to locate investors for the project, and Turpin furnished him with a pro forma for the planned company. Allen took the pro forma to an accountant, George Johnson, for an opinion on whether or not the projected company appeared feasible. Johnson subsequently revised the pro forma, after a meeting with Allen and Turpin, during which Turpin indicated that in return for their efforts to find investors, whatever deal for compensation Allen and Johnson could strike with the company would be fine with him.

On his own initiative, Johnson showed the revised pro forma to Wyman Gunter, with whom he had a business relationship, hoping that Gunter might be interested in investing in the project and in finding other investors. Gunter was impressed, and arranged a meeting in February 1982 at which appeared Turpin, Allen, Gunter, and Richard Beauchamp. Turpin actually made the presentation of the business idea. Allen announced that Turpin expected 30 percent of the company's stock and that he and Johnson each expected 7.5 percent of the stock. None of the investors assented to Allen's proposition at the time. Allen acknowledges that he expected remuneration for his bringing "the idea to the money and the money to the idea" from the company that was to be formed, and not from any individuals.

In March 1982 the company was in fact set up, with Gunter and Beauchamp putting up the money. Turpin was given an employment contract under which he later would receive 30 percent equity owner-

ship of the company if he met performance quotas to be determined later. Subsequently, Turpin negotiated for an outright issuance of 20 percent of the company's stock, without any performance quota. Allen and Johnson were excluded from any stock issuance, but Allen was employed as a sales representative of the company and Johnson was employed by the company as its comptroller. *Held*:

The trial court noted that in order to recover under a quantum meruit theory, Allen had to show (1) his performance as agent of services valuable to the defendants; (2) either at the request of the defendants or knowingly accepted by the defendants; (3) the defendants' receipt of which without compensating Allen would be unjust; (4) his expectation of compensation at the time of the rendition of the services; (5) and that he was the procuring cause of the completed transaction. See OCGA § 9-2-7, generally; *Johnson v. Lipscomb-Weyman-Chapman Co.*, 46 Ga. App. 798 (169 SE 266) (1933). In granting summary judgment for all the defendants, the trial court found no factual dispute that Allen held no expectation of compensation from any of the individual defendants; that the corporate defendants never acknowledged or accepted Allen's alleged services; and that Allen actually was not the procuring cause of the completed transaction. We agree with the trial court.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1987 —
REHEARING DENIED FEBRUARY 10, 1987.

*Robert A. Elsner*, for appellant.
*Paul M. Talmadge, Jr., James C. Carr, Jr., James J. Thomas II, Roy E. Barnes, Deborah S. Ebel*, for appellees.