[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14635
Non-Argument Calendar

_____

D. C. Docket No. 03-01669-CV-TWT-1

JOHN T. AMEND,

Plaintiff-Appellant,

versus

485 PROPERTIES, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 19, 2005)**

Before TJOFLAT, DUBINA and GODBOLD, Circuit Judges.

PER CURIAM:

The facts and procedural background of this case are set forth in Amend v. 425 Properties, LLC., 401 F.3d 1255 (11th Cir. 2005).  In that opinion we dismissed Amend's contract claim and reserved ruling on his quantum meruit claim for brokerage services provided to WorkPlace USA, Inc. as agent for 425 Properties, LLC.

The Georgia Supreme Court had granted certiorari in Killearn Partners, Inc. v. Southeast Properties, Inc., 597 SE.2d 578 (Ga. Ct. App. 2004) on the issue of whether a broker may maintain a common law remedy (e.g., quantum meruit) in the absence of a written agreement.  Because we dismissed Amend's contract claim and held his written agreement with Workplace was void, he had no written agreement.  If the Georgia Supreme Court decided that the absence of a written brokerage agreement doomed a common law remedy, this would have been the end of Amend's appeal.

The Georgia Supreme Court issued its decision on March 28, 2005 holding that the absence of a written agreement does not foreclose a broker from maintaining a common law remedy for brokerage services.  See Killearn Partners, Inc. v. Southeast Properties, Inc., S04C1320, ___ S.E.2d ___ (Ga. March 28, 2005).  The opinion, while allowing this appeal to proceed on the quantum meruit issue, did not address the issue whether "procuring cause" is an element of a

quantum meruit claim under Georgia law.  See Amend, 401 F.3d at 1261.  We must now address this issue.

As we discussed in our prior opinion, we see no clear answer  under Georgia law.  See id. at 1260-61.   At bottom, this issue will determine whether a judge or jury decides whether a broker is entitled to compensation for his services.  If procuring cause is an explicit element of a quantum meruit claim, unless the broker can meet this element his claim will be dismissed by a judge before trial.  If procuring cause is instead a limitation on a broker's recovery, then a jury will decide what value, if any, the broker added to the agreement.  The jury could decide that the broker added value to the contract without necessarily being the procuring cause.   Alternatively the jury could decide that the broker's services were of no value or should be offset by the participation of another broker.  Both parties make persuasive arguments in their briefs, but neither is convincing enough for us to resolve an issue of Georgia state law that has divided the Georgia Court of Appeals.  Accordingly we respectfully certify to the Georgia Supreme Court, pursuant to O.C.G.A. § 15-2-9, the following question:

Whether procuring cause is an element of a quantum meruit claim under Georgia law.

Our phrasing of the certified question is merely suggestive and does not in

3

any way restrict the scope of the inquiry of the Georgia Supreme Court. <u>See</u> <u>Swire Pacific Holdings Inc. v. Zurich Ins. Co.</u>, 284 F.3d 1228, 1234 (11th Cir. 2002). To assist the court in considering this question, the record in this case and the parties' briefs shall be transmitted to the court.

**QUESTION CERTIFIED.**