S05Q1462. AMEND v. 485 PROPERTIES.
(627 SE2d 565)

THOMPSON, Justice.

By way of *Amend v. 485 Properties*, 409 F3d 1288 (11th Cir. 2005), the United States Court of Appeals asked this Court to decide "whether procuring cause is an element of a quantum meruit claim under Georgia law." In the context of this case, the short answer is "yes." When a real estate broker brings a quantum meruit claim to

recover the value of his services under Georgia law, he must prove that he was the procuring cause of the sale.

The facts giving rise to this question are set forth at length in *Amend v. 485 Properties*, 401 F3d 1255 (11th Cir. 2005). We summarize them as follows: John Amend, a licensed real estate broker, is president of WorkPlace USA. WorkPlace was the leasing agent of WorldCom, Inc., which leased space in two buildings owned by 485 Properties. Because WorldCom's lease was going to expire, 485 Properties approached WorldCom to renegotiate its lease. WorldCom instructed 485 Properties to deal with WorkPlace, its agent. 485 Properties and WorkPlace negotiated a deal calling for WorldCom to lease one of the buildings for ten years, and providing that 485 Properties would pay WorkPlace a fee contingent upon renewal of the lease. WorldCom signed the lease, but 485 Properties refused to sign because WorldCom's imminent financial demise had become apparent. When WorldCom filed for bankruptcy, a new leasing agent was appointed to represent WorldCom. That agent successfully negotiated lease agreements for WorldCom to remain in one of the buildings, but to rent less space. Thereafter, Amend sued 485 Properties seeking damages for breach of its fee contract, or alternatively, quantum meruit. The district court granted summary judgment to 485 Properties on both the breach of contract and quantum meruit claims, finding, inter alia, that (1) the contract was unenforceable because WorkPlace was not a licensed real estate broker and (2) quantum meruit did not lie because the lease was never finalized. The Eleventh Circuit affirmed the grant of summary judgment on the contract claim, but reserved decision on the quantum meruit claim to seek an answer to the question posed to this Court. Id. at 1258.

The question stems from a conflict in Georgia's case law. The majority of cases have reiterated the long-held rule that procuring cause is a necessary ingredient in a quantum meruit claim brought by a real estate broker.[1] However, a handful of more recent cases would lead one to a contrary conclusion.[2]

---

[1] See, e.g., *Lifestyle Family v. Lawyers Title Ins. Corp.*, 256 Ga. App. 305 (568 SE2d 171) (2002); *Centre Pointe Investments v. Frank M. Darby Co.*, 249 Ga. App. 782 (549 SE2d 435) (2001); *Perimeter Realty v. GAPI, Inc.*, 243 Ga. App. 584 (533 SE2d 136) (2000); *Ideal Realty Co. v. Storch*, 124 Ga. App. 271 (183 SE2d 520) (1971); *Erwin v. Wender*, 78 Ga. App. 94 (50 SE2d 244) (1948); *Hendrix v. Crosby*, 76 Ga. App. 191 (45 SE2d 448) (1947); *Mendenhall v. Adair Realty &c. Co.*, 67 Ga. App. 154 (19 SE2d 740) (1942); *Johnson v. Lipscomb-Weyman-Chapman Co.*, 46 Ga. App. 798 (169 SE 266) (1933).

[2] See, e.g., *Killearn Partners v. Southeast Properties*, 266 Ga. App. 508 (597 SE2d 578) (2004); *Christopher Investment Properties v. Cox*, 219 Ga. App. 440 (465 SE2d 680) (1995); *Futch v. Guthrie*, 176 Ga. App. 672 (337 SE2d 384) (1985); *Nestle Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328 (265 SE2d 61) (1980); *Sharp-Boylston Co. v. Lundeen*, 145 Ga. App. 672 (244 SE2d 622) (1978).

It would appear that the contrary view was first expressed in *Sharp-Boylston Co. v. Lundeen,* 145 Ga. App. 672 (244 SE2d 622) (1978). In *Lundeen,* the Court of Appeals determined that a broker was entitled to pursue a quantum meruit claim even though the purchase of the property in question was not due to his efforts. In reaching that determination, the *Lundeen* court relied upon *First Nat. Bank &c. of Vidalia v. McNatt,* 141 Ga. App. 6 (232 SE2d 356) (1977).

*McNatt* was a correct decision, but *Lundeen* failed to interpret and apply it properly. This failure occurred because the *Lundeen* court only focused upon, and quoted from, a portion of *McNatt,* which set forth the rules of quantum meruit generally. In so doing, *Lundeen* overlooked this key language: "The court did not err in charging the jury that the plaintiff could recover if a contract were proved as contended by the plaintiff, but if the jury rejected the oral contract, plaintiff could still recover *if he were the procuring cause of the sale.*" (Emphasis supplied.) *McNatt,* supra at 8. Thus, in deciding that a broker could pursue a quantum meruit claim without proving procuring cause, the *Lundeen* court went astray. Unfortunately, *Lundeen* spawned similar holdings,[3] leading to the difficulty which this case now presents.

Of course, procuring cause is not an element of every quantum meruit claim. See OCGA § 9-2-7; *City of Gainesville v. Edwards,* 112 Ga. App. 672 (145 SE2d 715) (1965). That is because quantum meruit claims are often brought by persons other than real estate brokers, e.g., building contractors, who are not engaged in sales transactions. See, e.g., *Puritan Mills v. Pickering Constr. Co.,* 152 Ga. App. 309 (262 SE2d 586) (1979); *Smith v. Sharpe,* 113 Ga. App. 838 (149 SE2d 830) (1966). In cases such as those, the essential elements are: (1) the performance of valuable services; (2) accepted by the recipient or at his request; (3) the failure to compensate the provider would be unjust; and (4) the provider expected compensation at the time services were rendered. *Hollifield v. Monte Vista Biblical Gardens,* 251 Ga. App. 124, 128 (553 SE2d 662) (2001).

When it comes to a quantum meruit claim brought by a real estate broker, however, the law is different because it adds a fifth element. To recover on quantum meruit, a broker must show:

> (1) his performance as agent of services valuable to the defendants; (2) either at the request of the defendants or knowingly accepted by the defendants; (3) the defendants' receipt of which without compensating [the broker] would be

---

[3] See fn. 2.

unjust; (4) his expectation of compensation at the time of the rendition of the services; (5) *and that he was the procuring cause of the completed transaction.*

(Emphasis supplied.) *Allen v. T. A. Communications*, 181 Ga. App. 726, 727 (353 SE2d 569) (1987).

This requirement that a broker must prove that he is the procuring cause of sale in order to recover in *quantum meruit* is not, as [Amend] contends, an imposition of an additional and unnecessary element for recovery . . . in *quantum meruit*. Rather, it is a logical *sine qua non* to the establishment of the fact that the services rendered were valuable and of benefit to the seller, and thus, it is merely a part of the existing elements required for recovery in *quantum meruit.*

*Van C. Argiris & Co. v. FMC Corp.*, 494 NE2d 723, 726 (Ill. App. Ct. 1986).

It has been the well-established rule in this jurisdiction, and others,[4] that a real estate broker cannot recover in quantum meruit unless he or she is the procuring cause of the sale. We adhere to this rule. To the extent that *Lundeen* and its progeny depart from it, they are overruled.

*Question answered. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

Contrary to the majority, I see "procuring cause" as a limitation on recovery and not as an explicit element of a quantum meruit claim. I read the cases cited by the majority in support of its position as actually supporting the position I espouse — the "long-held rule" is that procuring cause is a necessary ingredient in an action based on a *contract* brought by a real estate broker who had an express or exclusive contract to buy, sell, or lease certain property and the broker sued for the promised commission when the property owner closed the deal without the broker. In fact, it is the more recent appellate decisions, all with their inception in *Allen v. T. A. Communications*, 181 Ga. App. 726 (353 SE2d 569) (1987), a case that did not involve a real estate broker, which have held that procuring cause is a necessary ingredient in a quantum meruit case involving a real estate

---

[4] See, e.g., *MDC Inv. Prop. v. Marando*, 44 FSupp.2d 693, 699-700 (D. N.J. 1999); *Williams v. Enochs*, 742 SW2d 165, 167 (Mo. 1987); *Sibbald v. Bethlehem Iron Co.*, 83 NY 378, 383 (1881); 12 CJS Brokers, § 243 (2005); 49 AmJur Proof of Facts 3d 399 § 27 (2005).

broker. See, e.g., *Lifestyle Family v. Lawyers Title Ins. Corp.*, 256 Ga. App. 305 (568 SE2d 171) (2002); *Centre Pointe Investments v. Frank M. Darby Co.*, 249 Ga. App. 782 (549 SE2d 435) (2001); *Perimeter Realty v. GAPI, Inc.*, 243 Ga. App. 584 (533 SE2d 136) (2000). It is these cases of the twenty-first, not the cases stretching back to the early twentieth century, that have muddied the waters of Georgia law concerning real estate professionals and claims for quantum meruit compensation.

As noted by the U. S. Court of Appeals for the Eleventh Circuit, "the Georgia Supreme Court has never adopted this 'procuring cause' element of a quantum meruit claim." *Amend v. 485 Properties*, 401 F3d 1255, 1260 (11th Cir. 2005). See also Larkins, Georgia Contracts, § 5-11 (2002) ("it appears settled that a real estate broker or agent may recover in quantum meruit for the value of services without such a showing [of procuring cause]."). I believe, as until today this Court believed, it is for a jury to decide as a matter of fact, not a judge to decide as a matter of law, whether a real estate broker is entitled to compensation for valuable services performed and accepted where the broker expected compensation for the services and it would be unjust not to compensate the broker. Whether the broker added value to the real estate transaction, including being its procuring cause, is an evidentiary matter for the jury to consider in determining the broker's compensation under the quantum meruit theory of recovery.

When a real estate broker sues under an express contract or exclusive listing for compensation, i.e., the commission provided by the express agreement, the owner of the real property is liable for the commission if the broker's negotiations on behalf of the property owner culminated in the sale or lease of the property, or would have so culminated but for the property owner's interference. *Bowers v. Greene*, 217 Ga. App. 468 (1) (458 SE2d 150) (1995) (brokers had listing agreement and were told to cease negotiations with prospective purchaser because owner's attorney would do negotiations; owner and prospective purchaser then closed deal without broker). See also *Christopher Investment Properties v. Cox*, 219 Ga. App. 440 (1) (465 SE2d 680) (1995) (homeowners entered into exclusive agency contract agreeing to pay real estate sales commission, then closed deal with prospective purchaser provided by real estate agent after agreeing with purchaser to reduce price by cutting agent out of the commission "loop"). The broker must establish he/she was the "procuring cause" of the transaction in order to receive the commission when a deal closes and the broker who had an express or exclusive contract did not close the deal, generally because the buyer and seller allegedly closed the deal without the broker in order to cut costs by avoiding payment of the contractually-agreed upon commission. See *Ideal Realty Co. v. Storch*, 124 Ga. App. 271 (183 SE2d 520) (1971);

*Erwin v. Wender*, 78 Ga. App. 94 (50 SE2d 244) (1948); *Hendrix v. Crosby*, 76 Ga. App. 191 (1) (45 SE2d 448) (1947); *Mendenhall v. Adair Realty &c. Co.*, 67 Ga. App. 154 (19 SE2d 740) (1942); *Johnson v. Lipscomb-Weyman-Chapman Co.*, 46 Ga. App. 798 (169 SE 266) (1933); *Wilcox v. Wilcox*, 31 Ga. App. 486 (119 SE 445) (1923); *Graves v. Hunnicutt*, 8 Ga. App. 99 (68 SE 558) (1910). These cases, all cited by the majority as reiterating "the long-held rule that procuring cause is a necessary ingredient in a quantum meruit claim brought by a real estate broker" (Maj. op., p. 328), actually support the proposition that procuring cause must be established to collect a contractually-based commission where the broker worked on, but did not close the deal.

A broker may recover in quantum meruit when the broker is not relying on an express or exclusive contract with a property owner to bring about the sale or lease of the property, but the broker performs valuable services to that end with the expectation of being compensated therefor, the broker's services are accepted by the property owner, and it would be unjust not to compensate the broker for the services. OCGA § 9-2-7 ("Ordinarily, when one renders service . . . which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof."). See also *Christopher Investment Properties*, supra, 219 Ga. App. 440 (2); *Futch v. Guthrie*, 176 Ga. App. 672 (1) (337 SE2d 384) (1985); *Sharp-Boylston Co. v. Lundeen*, 145 Ga. App. 672, 674 (244 SE2d 622) (1978).

I fear the majority has taken the law applicable to litigation seeking commissions based on a contractual relationship and has erroneously applied it to litigation in which a real estate broker seeks to recover in quantum meruit for the broker's services. I respectfully disagree with the majority's reconfiguration of this common-law remedy, and I believe the question posed by the Eleventh Circuit should be answered in the negative.

DECIDED MARCH 13, 2006.

*McKenna, Long & Aldridge, Bruce P. Brown, Thuy N. Vu*, for appellant.
*Kilpatrick Stockton, Jill Warner, Peter B. Glass*, for appellee.