PER CURIAM:
The facts and procedural background of this case are set forth in Amend v. 485 Properties, LLC, 401 F.3d 1255 (11th Cir. 2005). In that opinion, we dismissed Amend’s contract claim and reserved ruling on his quantum meruit claim for brokerage services provided to Workplace USA, Inc. as agent for 485 Properties, LLC.
Subsequently, because we concluded that the issue of whether “procuring cause” is an element of a quantum meruit claim under Georgia law is not clear, we certified the following question to the Georgia Supreme Court: Whether procuring cause is an element of a quantum meruit claim under Georgia law. See Amend v. 485 Properties, LLC., 409 F.3d 1288, 1289 (11th Cir.2005).
On March 13, 2006, the Georgia Supreme Court answered our certified question in the affirmative. Accordingly, based on our prior decisions entered in this case and based on the Georgia Supreme Court’s answer to our certified question attached hereto as an “Appendix,” we affirm the district court’s grant of summary judgment on Amend’s quantum meruit claim.
AFFIRMED.
APPENDIX
THOMPSON, Justice.
By way of Amend v. 485 Properties, 409 F.3d 1288 (11th Cir.2005), the United States Court of Appeals asked this Court to decide “whether procuring cause is an
element of a quantum meruit claim under Georgia law.” In the context of this case, the short answer is “yes.” When a real estate broker brings a quantum meruit claim to recover the value of his services under Georgia law, he must prove that he was the procuring cause of the sale.
The facts giving rise to this question are set forth at length in Amend v. 485 Properties, 401 F.3d 1255 (11th Cir.2005). We summarize them as follows: John Amend, a licensed real estate broker, is president of Workplace USA. Workplace was the leasing agent of WorldCom, Inc., which leased space in two buildings owned by 485 Properties. Because WorldCom’s lease was going to expire, 485 Properties approached WorldCom to renegotiate its lease. WorldCom instructed 485 Properties to deal with Workplace, its agent. 485 Properties and Workplace negotiated a deal calling for WorldCom to lease one of the buildings for 10 years, and providing that 485 Properties would pay Workplace a fee contingent upon renewal of the lease. WorldCom signed the lease, but 485 Properties refused to sign because WorldCom’s imminent financial demise had become apparent. When WorldCom filed for bankruptcy, a new leasing agent was appointed to represent WorldCom. That agent successfully negotiated lease agreements for WorldCom to remain in one of the buildings, but to rent less space. Thereafter, Amend sued 485 Properties seeking damages for breach of its fee contract, or alternatively, quantum meruit. The district court granted summary judgment to 485 Properties on both the breach of contract and quantum meruit claims, finding, inter alia, that (1) the contract was unenforceable because Workplace was not a licensed real estate broker and (2) quantum meruit did not lie because the lease was never finalized. The Eleventh Circuit *801 affirmed the grant of summary judgment on the contract claim, but reserved decision on the quantum meruit claim to seek an answer to the question posed to this Court. Id. at 1258.
The question stems from a conflict in Georgia’s case law. The majority of cases have reiterated the long-held rule that procuring cause is a necessary ingredient in a quantum meruit claim brought by a real estate broker.[1] However, a handful of more recent cases would lead one to a contrary conclusion.[2]
It would appear that the contrary view was first expressed in Sharp-Boylston Co. v. Lundeen, 145 Ga.App. 672 (244 S.E.2d 622) (1978). In Lundeen, the Court of Appeals determined that a broker was entitled to pursue a quantum meruit .claim even though the purchase of the property in question was not due to his efforts. In reaching that determination, the Lundeen court relied upon First Nat. Bank & Trust of Vidalia v. McNatt, 141 Ga.App. 6 (232 S.E.2d 356) (1977).
McNatt was a correct decision, but Lun-deen failed to interpret and apply it properly. This failure occurred because the Lundeen court only focused upon, and quoted from, a portion of McNatt, which set forth the rules of quantum meruit generally. In so doing, Lundeen overlooked this key language: “The court did not err in charging the jury that the plaintiff could recover if a contract were proved as contended by the plaintiff, but if the jury rejected the oral contract, plaintiff could still recover if he were the procuring cause of the sale.” McNatt, supra at 8, 232 S.E.2d 356. Thus, in deciding that a broker could pursue a quantum meruit claim without proving procuring cause, the Lun-deen court went astray. Unfortunately, Lundeen spawned similar holdings,[3] leading to the difficulty which this case now presents.
Of course, procuring cause is not an element of every quantum meruit claim. See OCGA § 9-2-7; City of Gainesville v. Edwards, 112 Ga.App. 672 (145 S.E.2d 715) (1965). That is because quantum me-ruit claims are often brought by persons other than real estate brokers, e.g., building contractors, who are not engaged in sales transactions. See, e.g., Puritan Mills v. Pickering Construction Co., 152 Ga.App. 309 (262 S.E.2d 586) (1979); Smith v. Sharpe, 113 Ga.App. 838 (149 S.E.2d 830) (1966). In cases such as those, the essential elements are: (1) the performance of valuable services; (2) accepted by the recipient or at his request; (3) the failure to compensate the provider would be unjust; and (4) the provider expected compensation at the time services were rendered. Hollifield v. Monte Vista Bibli *802 cal Gardens, 251 Ga.App. 124, 128 (553 S.E.2d 662) (2001).
When it comes to a quantum meruit claim brought by a real estate broker, however, the law is different because it adds a fifth element. To recover on quantum meruit, a broker must show:
(1) his performance as agent of services valuable to the defendants; (2) either at the request of the defendants or knowingly accepted by the defendants; (3) the defendants’ receipt of which without compensating [the broker] would be unjust; (4) his expectation of compensation at the time of the rendition of the services; (5) and that he was the procuring cause of the completed transaction.
(Emphasis supplied.) Allen v. T.A. Communications, 181 Ga.App. 726, 727 (353 S.E.2d 569) (1987).
This requirement that a broker must prove that he is the procuring cause of sale in order to recover in quantum meruit is not, as [Amend] contends, an imposition of an additional and unnecessary element for recovery ... in quantum meruit. Rather, it is a logical sine qua non to the establishment of the fact that the services rendered were valuable and of benefit to the seller, and thus, it is merely a part of the existing elements required for recovery in quantum meru-it.
Van C. Argiris & Co. v. FMC Corp., 144 Ill.App.3d 750, 98 Ill.Dec. 601, 494 N.E.2d 723, 726 (1986).
It has been the well-established rule in this jurisdiction, and others,[4] that a real estate broker cannot recover in quantum meruit unless he or she is the procuring cause of the sale. We adhere to this rule. To the extent that Lundeen and its progeny depart from it, they are overruled.
Question answered.
All the Justices concur, except BENHAM, J., who dissents.

.See, e.g., Lifestyle Family v. Lawyers Title Ins. Corp., 256 Ga.App. 305 (568 S.E.2d 171) (2002); Centre Pointe Investments, v. Frank M. Darby Co., 249 Ga.App. 782 (549 S.E.24 435) (2001); Perimeter Realty v. GAPI, 243 Ga.App. 584 (533 S.E.24 136) (2000); Ideal Realty Co. v. Storch, 124 Ga.App. 271 (183 S.E.2d 520) (1971); Erwin v. Wender, 78 Ga.App. 94 (50 S.E.2d 244) (1948); Hendrix v. Crosby, 76 Ga.App. 191 (45 S.E.2d 448) (1947); Menden-hall v. Adair Realty & Loan Co., 67 Ga.App. 154 (19 S.E.2d 740) (1942); Johnson v. Lipscomb-Weyman-Chapman Co., 46 Ga.App. 798 (169 S.E. 266) (1933).

. See, e.g., Killearn Partners v. Southeast Properties, 266 Ga.App. 508 (597 S.E.2d 578) (2004); Christopher Investment Properties v. Cox, 219 Ga.App. 440 (465 S.E.2d 680) (1995); Futch v. Guthrie, 176 Ga.App. 672 (337 S.E.2d 384) (1985); Nestle Co. v. J.H. Ewing & Sons, 153 Ga.App. 328 (265 S.E.2d 61) (1980); Sharp-Boylston Co. v. Lundeen, 145 Ga.App. 672 (244 S.E.2d 622) (1978).

. See fn. 2.

. See, e.g., MDC Inv. Prop. v. Marando, 44 F.Supp.2d 693, 699-700 (D.N.J.1999); Williams v. Enochs, 742 S.W.2d 165, 167 (Mo. 1987); Sibbald v. Bethlehem Iron Co., 83 N.Y. 378, 383 (1881); 12 CJS Brokers, § 243 (2005); 49 AmJur Proof of Facts 3d 399 § 27 (2005).