BENHAM, Justice,
dissenting:
Contrary to the majority, I see “procuring cause” as a limitation on recovery and not as an explicit element of a quantum meruit claim. I read the cases cited by the majority in support of its position as actually supporting the position I espouse — the “long-held rule” is that procuring cause is a necessary ingredient in an action based on a contract brought by a real estate broker who had an express or exclusive contract to buy, sell, or lease certain property and the broker sued for the promised commission when the property owner closed the deal without the broker. In fact, it is the more recent appellate decisions, all with their inception in Allen v. T.A. Communications, 181 Ga. App. 726 (353 S.E.2d 569) (1987), a case that did not involve a real estate broker, which have held that procuring cause is a necessary ingredient in a quantum meruit case involving a real estate broker. See, e.g., Lifestyle Family v. Lawyers Title Ins. Corp., 256 Ga.App. 305 (568 S.E.2d 171) (2002); Centre Pointe Investments v. Frank M. Darby Co., 249 Ga.App. 782 (549 S.E.2d 435) (2001); Perimeter Realty v. GAPI, 243 Ga.App. 584 (533 S.E.2d 136) (2000). It is these cases of the 21st century, not the cases stretching back to the early 20th century, that have muddied the waters of Georgia law concerning real es *803 tate professionals and claims for quantum meruit compensation.
As noted by the U.S. Court of Appeals for the Eleventh Circuit, “the Georgia Supreme Court has never adopted this ‘procuring cause’ element of a quantum meruit claim.” Amend v. 185 Properties, 401 F.3d 1255, 1260 (11th Cir.2005). See also Larkins, Georgia Contracts, § 5-11(2002) (“.. .it appears settled that a real estate broker or agent may recover in quantum meruit for the value of services without such a showing [of procuring cause].”). I believe, as until today this Court believed, it is for a jury to decide as a matter of fact, not a judge to decide as a matter of law, whether a real estate broker is entitled to compensation for valuable services performed and accepted where the broker expected compensation for the services and it would be unjust not to compensate the broker. Whether the broker added value to the real estate transaction, including being its procuring cause, is an eviden-tiary matter for the jury to consider in determining the broker’s compensation under the quantum meruit theory of recovery.
When a real estate broker sues under an express contract or exclusive listing for compensation, i.e., the commission provided by the express agreement, the owner of the real property is liable for the commission if the broker’s negotiations on behalf of the property owner culminated in the sale or lease of the property, or would have so culminated but for the property owner’s interference. Bowers v. Greene, 217 Ga.App. 468(1) (458 S.E.2d 150) (1995)(brokers had listing agreement and were told to cease negotiations with prospective purchaser because owner’s attorney would do negotiations; owner and prospective purchaser then closed deal without broker). See also Christopher Investment Prop. v. Cox, 219 Ga.App. 440(1) (465 S.E.2d 680) (1995)(homeowners entered into exclusive agency contract agreeing to pay real estate sales commission, then closed deal with prospective purchaser provided by real estate agent after agreeing with purchaser to reduce price by cutting agent out of the commission “loop”). The broker must establish he/she was the “procuring cause” of the transaction in order to receive the commission when a deal closes and the broker who had an express or exclusive contract did not close the deal, generally because the buyer and seller allegedly closed the deal without the broker in order to cut costs by avoiding payment of the contractually-agreed upon commission. See Ideal Realty Co. v. Storch, 124 Ga.App. 271 (183 S.E.2d 520) (1971); Erwin v. Wender, 78 Ga.App. 94 (50 S.E.2d 244) (1948); Hendrix v. Crosby, 76 Ga.App. 191(1) (45 S.E.2d 448) (1947); Mendenhall v. Adair Realty & Loan Co., 67 Ga.App. 154 (19 S.E.2d 740) (1942); Johnson v. Lipscomb-Weyman-Chapman Co., 46 Ga.App. 798 (169 S.E. 266) (1933); Wilcox v. Wilcox, 31 Ga.App. 486 (119 S.E. 445) (1923); Graves v. Hunnicutt, 8 Ga.App. 99 (68 S.E. 558) (1910). These cases, all cited by the majority as reiterating “the long-held rule that procuring cause is a necessary ingredient in a quantum meruit claim brought by a real estate broker” (Maj. op., p. 801), actually support the proposition that procuring cause must be established to collect a contractually-based commission where the broker worked on, but did not close the deal.
A broker may recover in quantum meru-it when the broker is not relying on an express or exclusive contract with a property owner to bring about the sale or lease of the property, but the broker performs valuable services to that end with the expectation of being compensated therefor, *804 the broker’s services are accepted by the property owner, and it would be unjust not to compensate the broker for the services. OCGA § 9-2-7 (“Ordinarily, when one renders service ... which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof.”). See also Christopher Investment Prop., supra, 219 Ga.App. 440(2), 465 S.E.2d 680; Futch v. Guthrie, 176 Ga.App. 672(1) (337 S.E.2d 384) (1985); Sharp-Boylston Co. v. Lundeen, 145 Ga.App. 672, 674 (244 S.E.2d 622) (1978).
I fear the majority has taken the law applicable to litigation seeking commissions based on a contractual relationship and has erroneously applied it to litigation in which a real estate broker seeks to recover in quantum meruit for the broker’s services. I respectfully disagree with the majority’s reconfiguration of this common-law remedy, and I believe the question posed by the Eleventh Circuit should be answered in the negative.