#25300-aff in pt & rev & rem in pt-JKK

**2010 SD 20**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MICHAEL JOHNSON d/b/a
MICHAEL JOHNSON CONSTRUCTION,                Plaintiff and Appellee,

v.

ROBERT LARSON and JOEL PENNY,                Defendants and Appellants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
LAKE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE VINCENT A. FOLEY
Judge

\* \* \* \*

MICHAEL F. TOBIN
WILLIAM J. GASSEN, III of
Boyce, Greenfield, Pashby,
  & Welk, LLP
Sioux Falls, South Dakota                Attorneys for plaintiff
                                         and appellee.


CHARLES L. DOROTHY
Dorothy Law Firm, PC
Sioux Falls, South Dakota                Attorneys for defendants
                                         and appellants.

\* \* \* \*

ARGUED JANUARY 13, 2010

OPINION FILED **02/24/10**

KONENKAMP, Justice

[¶1.]	In this breach of contract, conversion, and unjust enrichment case, the circuit court held that defendants were unjustly enriched by plaintiff's services, after a jury rendered a verdict in favor of defendants on plaintiff's breach of contract and conversion claims.  On appeal, we reverse the court's damages award against one defendant because two express contracts govern the rights between that defendant and plaintiff.  In regard to the defendant with no express contractual relationship with plaintiff, we affirm the court's finding of unjust enrichment, but reverse and remand for a proper calculation of damages.

## Background

[¶2.]	In early March 2005, Michael Johnson and Robert Larson entered into an oral contract whereby Johnson agreed to remove rock from Larson's farmland in exchange for Johnson receiving the value of the rock removed.  Larson is a retired farmer who owns farm and pasture land near Madison, South Dakota.  Johnson operates Michael Johnson Construction and owns two mining pits, one east, and one west, of Madison.  Shortly after Johnson began removing rock from Larson's land, the two entered into a second oral agreement.  In exchange for Johnson's right to keep the excavated rock extracted from Larson's land, Johnson agreed to install drain tile in a low lying area of Larson's farmland.

[¶3.]	From March 16, 2005 through April 15, 2005, Johnson removed rock from Larson's land.  He also installed drain tile.  Johnson claimed that he extracted approximately 1,100 tons of rock.  Of that amount, Johnson only removed between three to five semi-truck loads from Larson's land.  The rest Johnson stored on

Larson's land to the west of Larson's home, for removal at a later date. According to Johnson, Larson permitted him to store the rocks on his land until Johnson needed them.

[¶4.]    Joel Penny is a farmer in Decatur, Nebraska. While visiting Flandreau in July 2006, Penny learned that Larson had rock on his land that he wanted removed. Penny contacted Larson. Larson informed Penny that he and Johnson had previously agreed that Johnson would remove the rock from his land. Larson told Penny that after excavating the rock, Johnson had not come back to actually remove the rock he had stockpiled since the spring of 2005. Larson told Penny that he had inquired several times about when Johnson intended to remove the stockpiles. Larson also told Penny that he would contact Johnson to ask whether Johnson intended on removing the rock.

[¶5.]    In August 2006, Penny again contacted Larson about removing the rock. Larson believed Johnson had no intention of removing the stockpiled rock, based on the fact he had not heard from Johnson, even after leaving his number with Johnson's bookkeeper. Ultimately, Larson gave Penny permission to remove the rock. Penny paid Larson nothing for the rock. He removed approximately 50 semi-truck loads from Larson's land. Penny estimated that he took approximately 25 loads from the rock pile stocked by Johnson.

[¶6.]    In October 2006, Johnson learned that his rock piles were no longer on Larson's land. He sent an invoice to Larson on October 24, 2006, for his services in excavating and removing the rock. Johnson also included an invoice for the installation of the drain tile. He enclosed a letter with the invoices reminding

Larson of the parties' oral agreement that Johnson was to receive the rocks in exchange for clearing them from Larson's land. Larson neither responded to the letter nor paid the invoice.

[¶7.]     On January 11, 2007, Johnson brought suit against Larson for breach of contract, conversion, restitution, constructive trust, and unjust enrichment. He amended his complaint in April 2007, to include Penny as a defendant and removed the restitution cause of action. A jury trial was held November 17 through November 20, 2008, on the breach of contract and conversion claims. The jury returned a verdict in favor of Larson and Penny. On January 8, 2009, a hearing was held in the circuit court to consider Johnson's equitable claims. On May 13, 2009, the court entered a judgment against Larson and Penny jointly and severally. The court concluded that Larson and Penny were unjustly enriched by the labor, equipment, and materials provided by Johnson for the removal of the rock. The court further concluded that Larson was unjustly enriched by the labor, equipment, and materials provided for the installation of drain tile. On appeal, Larson and Penny assert that the court erred when it concluded that they were unjustly enriched by Johnson.[1]

---

1.     Standard of Review: "An action for unjust enrichment is an action in equity[,]" which is reviewed under the abuse of discretion standard. W.J. Bachman Mech. Sheetmetal Co. Inc. v. Wal-Mart Real Estate Bus. Trust, 2009 SD 25, ¶29, 764 NW2d 722, 732 (citing Himrich v. Carpenter, 1997 SD 116, ¶21, 569 NW2d 568, 573); *see also* Hofeldt v. Mehling, 2003 SD 25, ¶9, 658 NW2d 783, 786-87. Findings of fact will not be overturned unless clearly erroneous, but the application of those facts to a legal standard is reviewed de novo. *Hofeldt*, 2003 SD 25, ¶9, 658 NW2d at 786 (citations omitted). Therefore, if the court applies the wrong legal standard, but does not err in

(continued . . .)

**Analysis and Decision**

[¶8.]      Penny and Larson claim, among other things, that because the jury rendered a verdict against Johnson on his breach of contract and conversion claims, the court erred in allowing Johnson unjust enrichment damages on the same facts. We recently held that the equitable remedy of unjust enrichment is unwarranted when the rights of the parties are controlled by an express contract. Burch v. Bricker, 2006 SD 101, ¶18, 724 NW2d 604, 609-10 (quoting Mooney's, Inc. v. South Dakota Dept. of Transp., 482 NW2d 43, 47 (SD 1992) (discussing quantum meruit) (additional citation omitted). Unjust enrichment contemplates an involuntary or nonconsensual transfer, unjustly enriching one party. The equitable remedy of restitution is imposed because the transfer lacks an adequate legal basis.

[¶9.]      When there is a valid and enforceable contract, however, liability for compensation or other resolution of the breach is fixed exclusively by the contract. Nadeau v. Pitman, 731 A2d 863, 866-67 (Me 1999); County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc., 747 A2d 600, 607 (Md 2000) (citing many courts holding the same); Leasepartners Corp. v. Robert L. Brooks Trust, 942 P2d 182, 187 (Nev 1997); *see also* JN Exploration & Prod. v. Western Gas Resources, Inc., 153 F3d 906, 910 (8thCir 1998) (applying North Dakota law). In the contract framework, benefits are voluntarily conferred and transfers are consensual.

---

(. . . continued)
> its findings of fact, this Court applies the factual findings to the correct legal
> standard.

[¶10.]     No one disputes that Johnson and Larson entered into two valid and enforceable contracts. The first permitted Johnson to remove rock from Larson's farmland in exchange for Johnson receiving the value of the rock removed. The second permitted Johnson to remove rock and receive the value of that rock in exchange for installing drain tile on Larson's land. Because there existed two express contracts, and the benefit conferred on Larson was specified as part of the parties' contracts, Johnson had a valid remedy at law. *See* Restatement (Third) Restitution § 2 (unjust enrichment can apply in a contract context when the performance received was not specified by the contract). Johnson voluntarily and consensually conferred the benefit of drain tile and rock removal to Larson as part of the parties' valid and enforceable contracts. Therefore, there was no room for a court to imply a promise by Larson to pay Johnson, as the parties expressly fixed their rights and obligations: Johnson's remedy lay in a claim for breach of contract. *See County Comm'rs of Caroline County*, 747 A2d at 607 (citation omitted). The court erred when it acted in equity to impose restitution against Larson.

[¶11.]     As between Johnson and Penny, however, there was no express contract controlling the parties' relationship. Therefore, an equitable remedy was available. To prevail on a claim for unjust enrichment, Johnson was required to prove that Penny received a benefit, Penny was aware he was receiving a benefit, and it would be inequitable to allow Penny to retain the benefit without paying for it. *See Hofeldt*, 2003 SD 25, ¶16, 658 NW2d at 788 (citations omitted). Here, the court found that Penny received the benefit of Johnson's excavation services. The court further found that Penny was aware he was receiving the benefit: Larson had

told Penny that the rock was removed and stored by Johnson as part of an agreement between Johnson and Larson. Finally, the court concluded that it would be inequitable to allow Penny to retain the benefit of Johnson's services without having to pay for them.

[¶12.] The transfer between Johnson and Penny is the very type of event contemplated by the doctrine of unjust enrichment. Johnson expended many hours and employed the use of expensive heavy machinery to excavate tons of rock from Larson's land. He stored the rock to be removed at a later date. It was not left for anyone's taking. Penny was aware of Johnson's efforts and removed and retained the rock without Johnson's knowledge or consent. The transfer of Johnson's efforts and Johnson's rock to Penny was involuntary and nonconsensual. Also, because there was no express contract between Johnson and Penny, Johnson had no remedy at law to recover for the rock removed. Thus, based on our review of the record, there was ample support for the court to find that Penny was unjustly enriched by Johnson's efforts.

[¶13.] What is the appropriate measure of damages when one is unjustly enriched by another's efforts? According to Penny, the proper measure of restitution for an unjust enrichment claim is the value to the person receiving the benefit rather than the cost to the person providing it. Relying on the doctrine of quantum meruit, Johnson argues that when one benefits by the labor and materials of another the proper measure of restitution is the reasonable value of labor and materials furnished. *See* Karras v. Alpha Corp., 528 NW2d 397, 400 (SD 1995). In the circuit court's view, Johnson was entitled to the reasonable value of labor and

materials he provided to Penny. In reaching this conclusion, the court held that "[q]uantum meruit is an equitable remedy to provide restitution for unjust enrichment."

[¶14.] While unjust enrichment and quantum meruit are similarly based on an inequity in allowing a person to retain a benefit without having to pay for it, the two doctrines are not interchangeable.[2] Lindquist Ford, Inc. v. Middleton Motors, Inc., 557 F3d 469, 477 (7thCir 2009); Aladdin Elec. Assoc. v. Town of Old Orchard Beach, 645 A2d 1142, 1145 (Me 1994); Davies v. Olson, 746 P2d 264, 269 (UtahCtApp 1987); Ramsey v. Ellis, 484 NW2d 331, 333 (Wis 1992). Quantum meruit implies a contract where none exists and awards restitution for the value of the services provided under that implied contract. *Lindquist Ford, Inc.*, 557 F3d at 477-78. To recover under quantum meruit, the plaintiff must prove, among other things, that the defendant requested the plaintiff's services and the plaintiff reasonably expected to be paid. *See id.*; Amend v. 485 Properties, 627 SE2d 565, 567 (Ga 2006); Hollifield v. Monte Vista Biblical Gardens, Inc., 553 SE2d 662, 668 (GaCtApp 2001); Hawk Isolutions Group, Inc. v. Morris, 288 SW3d 758, 761 (MoCtApp 2009) (citations omitted). Further, damages may be awarded even if the plaintiff's services conferred no benefit. *Lindquist Ford, Inc.*, 557 F3d at 477-78.

---

2.    Although in *Burch*, we stated that quantum meruit is a remedy for unjust enrichment, quoting Black's Law Dictionary, *Burch* involved an express contract negating the application of quantum meruit or unjust enrichment. *See* 2006 SD 101, ¶18, 724 NW2d at 609. Moreover, in reviewing the most recent edition of Black's Law Dictionary, it is stated that quantum meruit is "damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship." Black's Law Dictionary (8th ed 2004).

[¶15.] Unjust enrichment, on the other hand, allows an award of restitution for the value of the benefit unjustly received, rather than the value of the service provided. *Lindquist Ford, Inc.*, 557 F3d at 477; *Aladdin Elec. Assoc.*, 645 A2d at 1145; *Ramsey*, 484 NW2d at 333. The defendant must be unjustly *enriched*. However, the reasonable cost of the services provided can be evidence of the value of the benefit conferred. *See Aladdin Elec. Assoc.*, 645 A2d at 1145.

[¶16.] Here, there was no basis to find an implied contract between Johnson and Penny. As the court recognized, Johnson was unaware that Penny removed the rock. Moreover, neither Johnson nor Penny were wrongdoers: the court found that Penny had no intent to deprive Johnson of the value of his rock. Therefore, although the court was correct in finding that Penny was unjustly enriched, it erred when it further held that quantum meruit was the proper remedy to provide Johnson restitution. The proper measure of damages in this case is the benefit conferred on Penny.

[¶17.] In summary, the court erred when it acted in equity to impose a judgment against Larson for unjust enrichment when two valid and enforceable contracts controlled the parties' relationship and a jury had previously found for Larson on Johnson's breach of contract claim. The court did not abuse its discretion when it found that Penny was unjustly enriched by Johnson's services. But the court erred when it applied the remedy of quantum meruit to an unjust enrichment claim. Accordingly, we reverse the court's judgment against Larson, affirm the court's finding of unjust enrichment against Penny, and remand for the court to

determine the proper measure of damages against Penny consistent with this opinion.

[¶18.]     Affirmed in part, reversed in part, and remanded.

[¶19.]     GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.